NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 28 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL DOWELL, | No. 19-35110 |
| Petitioner-Appellant, | D.C. No. 3:18-cv-01939-BR |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted May 21, 2019**

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Samuel Dowell appeals pro se from the district court's judgment denying his

"Extraordinary Writ Challenge." We have jurisdiction under 28 U.S.C. § 1291.

We review de novo, *see United States v. Walgren,* 885 F.2d 1417, 1420 (9th Cir.

1989), and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Dowell contends that the district court erred in concluding that he was attempting to attack his conviction. Rather, he argues that he was seeking a "class action civil writ" under 28 U.S.C. § 1651 based on the unconstitutionality of the federal statutes proscribing child pornography, 18 U.S.C. §§ 2250-2260. As an initial matter, Dowell points to no authority suggesting that 28 U.S.C. § 1651 is a proper vehicle for such an action. Moreover, child pornography is not protected by the First Amendment, *see New York v. Ferber*, 458 U.S. 747, 764 (1982), and the Commerce Clause authorizes Congress to criminalize its intrastate possession, *see United States v. Sullivan*, 797 F.3d 623, 631-32 (9th Cir. 2015). The district court, therefore, properly denied relief.

**AFFIRMED.**